## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

Civil Division

|  |  |
|---|---|
| **Laura Fresco**<br>10505 Pohick Court<br>Fairfax Station, VA 22039<br><br>        Plaintiff,<br><br>   v.<br><br>**Richfield Bus Company**<br>6424 Emerson Avenue S<br>Minneapolis, MN 55423<br><br><u>Serve</u>: Richfield Bus Company<br>      6424 Emerson Avenue S<br>      Minneapolis, MN 55423<br><br>and<br><br>**Rochester City Lines, Co.**<br>1825 N Broadway<br>Rochester, MN 55904<br><br>Serve: Rochester City Lines, Co.<br>      1825 N Broadway<br>      Rochester, MN 55904<br><br>and<br><br>**David Aries**<br>2100 Valkyrie Drive NW<br>Rochester, MN 55901<br><br>        Defendants. | Civil Action No.    2026-CAB-003289 |

## COMPLAINT

Plaintiff Laura Fresco, by and through undersigned counsel, sues Defendants Richfield

Bus Company ("Richfield"), Rochester City Lines, Co. ("Rochester"), and David Aries

("Aries"), and in support of her Complaint states the following:

1.      Jurisdiction is vested in this Court under D.C. Code § 11-921.

2.      Venue is appropriate in this Court because the wrongful and negligent acts and/or omissions committed by Defendants occurred in the District of Columbia.

3.      Plaintiff Laura Fresco is a resident of the Commonwealth of Virginia.

4.      Upon information and belief, Defendant Richfield is a Minnesota company operating in the District of Columbia and elsewhere, with its principal place of business in the State of Minnesota.

5.      Upon information and belief, Defendant Rochester is a Minnesota company operating in the District of Columbia and elsewhere, with its principal place of business in the State of Minnesota.

6.      Upon information and belief, Defendant Aries is a resident of the State of Minnesota.

7.      On May 22, 2023, at approximately 5:12 p.m., Plaintiff was a pedestrian, crossing 12th Street, SW at its intersection with C Street, SW, in the crosswalk, with the "Walk" sign.

8.      At that same time and place, Defendant Aries, driving a bus owned by Richfield, Rochester, and/or himself ("Bus"), was driving eastbound on C Street, SW, and was in the process of turning onto northbound 12th Street, SW.

9.      The Bus then struck the Plaintiff, in the crosswalk, at the intersection of 12th and C Streets, SW ("Collision").

10.     At the time of the Collision, the Bus was owned by Richfield, Rochester, and/or Aries

11.     Defendant Aries, at the time of the Collision, was operating the Bus as an agent, servant, employee, representative, worker, and/or independent contractor of Defendant Richfield

2

and/or Defendant Rochester, and was acting within the course and scope of his employment with Defendant Richfield and/or Rochester, or he was operating the Bus on his own behalf.

## COUNT 1
### (Negligence – Defendant Aries)

12.     Plaintiff adopts and incorporates by this reference paragraphs 1 through 11.

13.     The Bus being operated by Defendant Aries struck the Plaintiff, while she was in the crosswalk, with the "Walk" sign, causing the Collision.

14.     Defendant Aries owed a duty to Plaintiff to pay full time and attention to operating the Bus; to control the Bus in order to avoid a collision; to keep a proper lookout; to operate the Bus using common sense; to yield the right-of-way; to obey traffic control devices; to yield to pedestrians in crosswalks, and to otherwise operate the Bus in a safe and lawful manner so as to avoid injuring the Plaintiff and others.

15.     Defendant Aries breached his duty to Plaintiff and was negligent by failing to pay full time and attention to operating the Bus; failing to control the Bus in order to avoid a collision; failing to keep a proper lookout; failing to operate the Bus using common sense; failing to yield the right-of-way, failing to obey traffic control devices; failing to yield to a pedestrian in a crosswalk; and/or failing to operate the Bus in a safe and lawful manner so as to avoid injuring the Plaintiff and others on the roadway.

16.     As a direct and proximate result of the above-referenced breach of duty and negligence by  Defendant Aries, Plaintiff suffered serious bodily injuries; suffered great physical pain, suffering, and mental anguish; will continue to suffer great physical pain, suffering, and mental anguish in the future; incurred medical and other related expenses, including lost wages;

will continue to incur medical and other related expenses, including lost wages, in the future; and suffered other damages.

WHEREFORE, Plaintiff Laura Fresco demands judgment against Defendant Aries in the amount of One Million Dollars ($1,000,000) in compensatory damages, plus costs and interest, a trial by jury, and such other relief as the Court deems just and proper.

**COUNT I1**
**(Negligence – Defendant Richfield)**

17.    Plaintiff adopts and incorporates by this reference paragraphs 1 through 16.

18.    Defendant Richfield, through its agent, servant, employee, representative, worker, and/or independent contractor driver Defendant Aries, owed a duty to Plaintiff to pay full time and attention to operating the Bus; to control the Bus in order to avoid a collision; to keep a proper lookout; to operate the Bus using common sense; to yield the right-of-way; to obey traffic control devices; to yield to pedestrians in crosswalks, and to otherwise operate the Bus in a safe and lawful manner so as to avoid injuring the Plaintiff and others.

19.    Defendant Richfield, through its agent, servant, employee, representative, worker, and/or independent contractor driver Defendant Aries, breached its duty to Plaintiff and was negligent by failing to pay full time and attention to operating the Bus; failing to control the Bus in order to avoid a collision; failing to keep a proper lookout; failing to operate the Bus using common sense; failing to yield the right-of-way, failing to obey traffic control devices; failing to yield to a pedestrian in a crosswalk; and/or failing to operate the Bus in a safe and lawful manner so as to avoid injuring the Plaintiff and others on the roadway.

20.    As a direct and proximate result of the above-referenced breach of duty and negligence of Defendant Richfield, through its agent, servant, employee, representative, worker, and/or independent contractor driver Defendant Aries, Plaintiff suffered serious bodily injuries; suffered great physical pain, suffering, and mental anguish; will continue to suffer great physical pain, suffering, and mental anguish in the future; incurred medical and other related expenses, including lost wages; will continue to incur medical and other related expenses, including lost wages, in the future; and suffered other damages.

WHEREFORE, Plaintiff Laura Fresco demands judgment against Defendant Richfield in the amount of One Million Dollars ($1,000,000) in compensatory damages, plus costs and interest, a trial by jury, and such other relief as the Court deems just and proper.

## COUNT 1II
### (Negligence – Defendant Rochester)

21.    Plaintiff adopts and incorporates by this reference paragraphs 1 through 20.

22.    Defendant Rochester, through its agent, servant, employee, representative, worker, and/or independent contractor driver Defendant Aries, owed a duty to Plaintiff to pay full time and attention to operating the Bus; to control the Bus in order to avoid a collision; to keep a proper lookout; to operate the Bus using common sense; to yield the right-of-way; to obey traffic control devices; to yield to pedestrians in crosswalks, and to otherwise operate the Bus in a safe and lawful manner so as to avoid injuring the Plaintiff and others.

23.    Defendant Rochester, through its agent, servant, employee, representative, worker, and/or independent contractor driver Defendant Aries, breached its duty and to Plaintiff and was negligent by failing to pay full time and attention to operating the Bus; failing to control

the Bus in order to avoid a collision; failing to keep a proper lookout; failing to operate the Bus

using common sense; failing to yield the right-of-way, failing to obey traffic control devices;

failing to yield to a pedestrian in a crosswalk; and/or failing to operate the Bus in a safe and

lawful manner so as to avoid injuring the Plaintiff and others on the roadway.

24.     As a direct and proximate result of the above-referenced breach of duty and

negligence of Defendant Rochester, through its agent, servant, employee, representative, worker,

and/or independent contractor driver Defendant Aries, the Plaintiff suffered serious bodily

injuries; suffered great physical pain, suffering, and mental anguish; will continue to suffer great

physical pain, suffering, and mental anguish in the future; incurred medical and other related

expenses, including lost wages; will continue to incur medical and other related expenses,

including lost wages, in the future; and suffered other damages.

WHEREFORE, Plaintiff Laura Fresco demands judgment against Defendant Rochester in

the amount of One Million Thousand Dollars ($1,000,000) in compensatory damages, plus costs

and interest, a trial by jury, and such other relief as the Court deems just and proper.

Respectfully submitted,


CECERE LAW, LLC

/s/Jacob J. Cecere, (Bar No. (Bar No. 425885)
jcecere@cjlaw.net
14660 Rothgeb Drive, Suite 101
Rockville, Maryland 20850
Telephone: (301) 948-6363
Fax: (301) 340-7228
*Co-Counsel for Plaintiff*

and

MESIROW & ASSOCIATES, PLLC

/s/John B. Mesirow (Bar No. 435651)
5232 44th Street, NW
Suite 3
Washington, DC 20015
O: (202) 463-0303
F: (202) 861-8858 fax
E: john@metroDClaw.com
*Co-Counsel for Plaintiff*

## REQUEST FOR JURY TRIAL

The Plaintiff demands a trial by jury as to all issues of fact herein.


/s/Jacob J. Cecere